# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PO407-245 |
| | ) | |
| AIYANNA D. WILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Aiyanna Willard pled guilty to simple assault in 2007, and she was sentenced to 12 months' probation and ordered to pay a $ 500 fine. Doc. 5. Three months later, the probation office recommended, and the Court ordered, that she be discharged from probation because she had complied with its terms and conditions and was no longer in need of supervision. Doc. 6. Five years later, Willard wrote a letter to this Court requesting that her record be expunged. Doc. 7 (docketed as a motion). The Government filed a response in opposition. Doc. 8.[1]

Willard cites no authority for her motion, but states that at the time she pled guilty she "did not know all of [her] rights," "was absolutely

---

[1] This motion and response, which have gone unaddressed for some 3 years in this closed case, simply got lost in the prodigious volume of paper that flows into the Court. This clean-up order will prune this deadwood from the docket.

terrified," "was unable to afford an attorney," and "was not appointed one, as [she] was told that [her] husband (at the time) and aggressor made too much money." *Id.* Willard has since obtained her Bachelor and Masters degrees with honors and has made it her "everyday mission to be a law abiding citizen that contributes to [her] community, family, and friends." *Id.*

> It has been recognized that "[t]here is no specific constitutional or general statutory right to expungement." *United States v. Carson*, 366 F.Supp.2d 1151, 1154 (M.D. Fla. 2004), citing, *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077 (1998). To the extent the district courts have authority to grant expungement, "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Except in cases of juveniles, the Court is unaware of a court approving the expungement of an adult conviction which was not either set aside or found to be the result of government misconduct. This is so despite the adverse consequences which result from the continued existence of a conviction appearing on the public record. Such consequences do not rise to the level of *extreme circumstances* which will justify expungement of a criminal conviction. *See United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977), *cert. denied*, 425 U.S. 907 (1978). As the court in *Rogers* stated, "[t]he judicial editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers*, 469 F.2d at 1085.

*United States v. Goodrich*, 2008 WL 398950 at * 1 (S.D. Fla. Feb. 12, 2008) (emphasis added, footnotes omitted).

"Extreme circumstances" refers to scenarios like:

[1] when mass arrests render judicial determination of probable cause impossible . . . [2] when a court determines that the sole purpose of

2

the arrest was to harass the defendant[2] . . . [3] where the police misused the police records to the detriment of the defendant . . . [4] where the arrest was proper but was based upon a statute later declared unconstitutional . . . [5] when the expungement of criminal records is necessary to preserve basic legal rights.

*United States v. Woods*, 2013 WL 3189081 at * 2 (S.D. Fla. June 20, 2013) (footnote added).

Willard seeks expungement "to maximize [her] potential in [her] business and personal life, as [she] do[esn't] want [her] past mistakes/actions to define the person that [she is] today." Though any adverse consequences to her aspirations resulting from her criminal record are unfortunate, she has not shown any "extreme circumstances" warranting expungement in this case. Her construed motion for expungement (doc. 7) is therefore **DENIED**.

**SO ORDERED,** this  27th  day of October, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The civil rights struggle in Selma, Alabama provides the prototypical example of such a circumstance. In 1963, local law enforcement arrested black voters as part of a campaign to limit their franchise. *See United States v. McLeod*, 385 F.2d 734, 738 (5th Cir. 1967). Years later, the federal government asked a district court to, among other things, expunge the records of those arrested. *Id.* The Fifth Circuit ultimately complied, stating that "[i]n order to grant full relief in this case, we must see that as far as possible the persons who were arrested and prosecuted . . . are placed in the position in which they would have stood had the county not acted unlawfully." *Id.* at 749. This case is a far cry from Selma.

3